IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID DIVINE-BEY, | ) | |
| *formerly known as David A. Johnson*, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | CIVIL NO. 06-cv-4043-JPG |
| | ) | |
| vs. | ) | CRIMINAL NO. 00-cr-40028 |
| | ) | |
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. This motion was filed by Petitioner, *pro se*, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

Without benefit of a plea agreement, Petitioner pleaded guilty to two counts involving the distribution of crack cocaine. He was sentenced to 420 months imprisonment, five years supervised release, a fine of $500, and a special assessment of $200. Although he filed an appeal, it was later dismissed on his motion. *United States v. Johnson*, Appeal No. 02-1225 (7th Cir., filed Jan. 22, 2002). On February 16, 2006, he filed the instant motion under Section 2255.

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In the instant case, Petitioner's appeal was dismissed on September 9, 2002, and he did not seek certiorari with the Supreme Court. Therefore, for purposes of § 2255, Petitioner's conviction became final in November 2002. *See generally Clay v. United States*, 537 U.S. 522, 525 (2003). Petitioner filed the instant motion on February 16, 2006. Thus, Petitioner's judgment of conviction was final for over three years prior to the filing of his motion under § 2255, and he filed this motion more than two years too late. None of the exceptions to the statute of limitations can alter this finding.

Petitioner's basis for this action are the rules "newly recognized" in *Blakely v. Washington*, 124 S.Ct. 2531 (2004), *United States v. Booker*, 125 S.Ct. 738 (2005), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). However, the Seventh Circuit already has held that these rulings do not apply retroactively to convictions that were final prior to the dates of those decisions. *See McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) (*Blakely* and *Booker* not retroactively applicable); *Curtis v. United States*, 294 F.3d 841, 844 (7th Cir. 2002) (*Apprendi* not retroactively applicable).

Therefore, this § 2255 motion is barred by the statute of limitations, and this Court lacks jurisdiction to entertain the motion. Accordingly, the motion is **DENIED**, and this action is **DISMISSED**. Dismissal is *without prejudice* to Petitioner filing a new § 2255 motion, *if* the United States Supreme Court announces that *Booker* and/or *Apprendi* apply retroactively on collateral review.

**IT IS SO ORDERED.**

**Dated: April 13, 2006**

                                              s/ J. Phil Gilbert
                                              **U. S. District Judge**